IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONNA CASARES, individually,
and on behalf of S.C., G.C., and
R.C., minor children,

    Plaintiffs,

v.	Case No. 1:22-cv-00885-MLG-LF

ALTMAN SPECIALTY PLANTS, LLC,
and FERNANDO PONCE,

    Defendants.

## **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

This matter comes before the Court on Plaintiff Donna Casares's Motion to Remand (Doc. 10) and a related Emergency Motion for Leave to File Surreply (Doc. 31). Having reviewed the parties' submissions and the applicable law and having held a hearing on the matter on August 30, 2023, the Court hereby grants the motion to remand and denies the request for leave to file a surreply. The Court's resolution of these issues also moots Defendant's Motion to Strike. Doc. 41.

### DISCUSSION

**I.    Motion to Remand**

On May 27, 2022, Casares and a driver for Defendant Altman Specialty Plants, LLC ("Altman"), a California corporation, were involved in an automobile collision. Doc. 10 at 1; Doc. 1 at 2. Casares subsequently filed suit against Altman asserting claims for negligence and seeking damages for injuries she sustained as a result of the accident. Doc. 1 at 2-5. Altman is an unregistered foreign corporation. Doc. 1-1 (complaint) at 1; Doc. 1-3. So, to serve Altman, Casares delivered process to the New Mexico Secretary of State, who then forwarded process to Altman

1

on October 5, 2023. Doc. 10 at 2. The return receipt indicates that someone signed for these materials on October 11, 2022, although the signature is illegible. Doc. 10-1. Altman asserts that it is unable to ascertain who received process. Doc. 14 at 4-5.

On November 21, 2022—forty-one days after the Secretary of State served process on Altman—the company filed its Notice of Removal. Doc. 1. Casares subsequently filed a motion to remand claiming that Altman's removal was untimely. *See generally* Docs. 10, 15. Altman responded that it was not served properly, and because the removal "clock" starts on the service date, removal is proper. *See generally* Doc. 14. In support of its position, Altman argues that under NMSA 1978, § 38-1-6.1 (1993),[1] before the Secretary of State could accept process on Altman's behalf, Casares was required to file an affidavit stating that she had performed a diligent search and could not find a statutory agent, officer, or director of Altman in New Mexico. *Id.* at 5. Casares claims to have submitted the required affidavit to the Secretary of State, but the document was not filed with the state district court.[2] Doc. 40 (clerk's minutes) at 2.

This apparent error implicates an ambiguity within the relevant statutes. Section 38-1-6.1(B) provides that once certain predicate conditions are satisfied ("the filing of an affidavit,"

---

[1] The parties spend some time in their briefing discussing NMSA 1978, §§ 66-5-103 (1978) and 66-5-104 (1978), which allow a different procedure for service of process. *See* Doc. 10 at 2, 4; Doc. 14 at 2-5. However, Casares clarified that she served Altman using the procedure outlined in NMSA 1978, § 38-1-6 (1993). Doc. 15 at 1. Section 38-1-6 governs service to unregistered foreign corporations, and Section 38-1-6.1 offers an identical procedure for unregistered foreign limited liability companies ("LLCs"). Because Altman is an LLC, *see* Doc. 1-3, the Court cites to Section 38-1-6.1, but its provisions are the same as Section 38-1-6.

[2] Casares presented the affidavit to the Court at the hearing on August 30, 2023. *See* Doc. 41. The Court has not considered the affidavit and ultimately finds it irrelevant: the parties do not dispute that the affidavit, even if it was made timely, was never filed on the docket. *See id.* at 3; Doc. 40 at 2 (clerk's minutes). The relevant condition in Section 38-1-6.1(B) is the *filing* of an affidavit, which the Court understands to refer to filing on the docket rather than merely presenting it to the Secretary of State. Because the Court's decision in this Memorandum Opinion and Order did not rely on the affidavit, Altman's motion to strike the affidavit is denied as moot. Doc. 41.

"service upon the secretary of state of two copies of the process in the cause," and payment of "a fee of twenty-five dollars"), "the secretary of state shall accept service of process as the agent of the foreign limited liability company." However, the statute is silent regarding whether the Secretary of State may still accept service even when the conditions are not met.

In considering the matter, the Court notes that although Casares erred in failing to file an affidavit, statutory authority permits the Secretary of State to accept process on behalf of an unregistered foreign LLC and does not forbid the Secretary of State from accepting imperfect process. *See* § 38-1-6.1. Thus, the failure to file the affidavit does not result in a failure to serve process. Further, after receiving process, Section 38-1-6.1(C) requires the Secretary of State to "give notice by certified or registered mail" to Altman "at its principal place of business outside" New Mexico. She complied with this obligation and sent two copies of the complaint via certified mail to "Altman Specialty Plants, LLC c/o Kenneth Altman" at "3742 Blue Bird Canyon Road[,] Vista, California 92804[.]" Doc. 10-1 at 2. Altman has not contested that this is its address. *See generally* Doc. 14. Rather, Altman questions whether it actually received process; it has submitted an affidavit affirming that the signature does not belong to Kenneth Altman or any of Altman's officers or managers. Doc. 14-2.

Under New Mexico law, "a party relying on service by mail has the burden of proving the mailing." *Schneider Nat'l, Inc. v. N.M. Tax'n & Revenue Dep't*, 2006-NMCA-128, ¶ 14, 144 P.3d 120 (internal quotation marks omitted). The Court finds that Casares has carried this burden. The notification provision in Section 38-1-6.1(C) was met: the signed return receipt and accompanying acceptance of service certificate demonstrate that notice was sent to that location on October 11, 2022. Doc. 10-1. The fact that the return receipt does not have the date or a printed name on it is

3

not dispositive. The return receipt demonstrates that notice was delivered to the address provided, and in the Secretary of State's acceptance of service certificate, she notes the date of service.

That the signature may not have belonged to Kenneth Altman or any of Altman's officers or managers does not render service invalid. Regardless of who signed for the notice, service was made upon an agent authorized by law to receive service of process: the Secretary of State, who is authorized to accept service on an unregistered foreign LLC's behalf. *See* § 38-1-6.1(B) ("[T]he secretary of state shall accept service of process as the agent of the foreign limited liability company . . ."). All the law requires is that notice of that service be sent to the foreign LLC's address, and here, it was.

For the above reasons, the Court finds that service was proper on October 11, 2022. Altman's removal on November 21, 2022, was therefore more than thirty days after it received the complaint, and as a result, its removal was untimely.

## II.   Emergency Motion for Leave to File Surreply

On June 21, 2023, Altman filed an emergency motion seeking to file a surreply. Doc. 31. Altman sought to add the argument that Casares had consented to federal jurisdiction by participating in discovery. *See* Doc. 31-1. The Court also discussed this consent issue with the parties during the hearing on August 30, 2023.

"A party who undertakes affirmative action in the federal district court may be found to have waived any objections to removal." *Village Apts. Co., L.P. v. Asset Shelters Grp., Inc.*, No. 1:07-cv-817 MCA/RLP, 2008 WL 11414603, at *3 (D.N.M. Apr. 29, 2008). However, the exact extent of "affirmative action" is fact-dependent: it must constitute "unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Id.* (quoting *Beard v. Lehman Bros. Holding Co.*, 458 F. Supp. 2d 1314, 1323 (M.D. Ala. 2006)). One

underlying fairness concern is that the purportedly consenting party will attempt to get "two bites at the proverbial apple" by litigating in federal court, losing on the merits, and then seeking remand. *Romero v. Knee*, No. CV 1:17-1273, 2018 WL 3966275, at *2 (D.N.M. Aug. 17, 2018).

Casares's participation in discovery does not waive her right to seek remand. The Court finds that her actions do not constitute "unequivocal assent" to litigate in federal court, and, in fact, she had already moved to remand before she began participating in discovery. *Compare* Doc. 10 *with* Doc. 28 (Casares's initial disclosures filed June 7, 2023). Participating in discovery by filing initial disclosures would not give her two bites at the apple or render it fundamentally unfair to remand this case. The Court therefore denies Altman's motion for leave to file a surreply. Doc. 31.

## CONCLUSION

For the above reasons, the Court grants Casares's motion to remand. Doc. 10. Because the Court did not consider the affidavit Casares presented at the hearing in making this determination, Altman's motion to strike the affidavit is denied as moot. Doc. 41. The Court also denies Altman's emergency motion for leave to file a surreply because Casares has not consented to federal jurisdiction by participating in discovery. Doc. 31.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA